# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRY A. WALLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV1897 DJS |
| | ) |
| S.K. HIGHSMITH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 526448), an inmate at Missouri Eastern Correctional Center ("MECC"), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $20.53. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $102.63, and an average monthly balance of $18.83. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $20.53, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff seeks monetary and injunctive relief for alleged violations of his constitutional rights, pursuant to 42 U.S.C. § 1983. Named as defendants are: Dr. S.K. Highsmith (dentist), Earnest Jackson (Director of Dental Services), Gail Wollberg (nurse), Lori Young (Health Services Administrator) and Correctional Medical Services ("CMS"). Plaintiff alleges that he sought treatment for two broken teeth on three different occasions, but was denied treatment by Dr. Highsmith on each occasion. Plaintiff asserts that he grieved the denials of treatment, and that defendants Wollberg, Young and Jackson, respectively, denied his grievances. Plaintiff asserts that as a result of the lack of treatment, he had to have an emergency extraction of one of the

teeth, but that the second tooth is still broken and untreated. Additionally, plaintiff claims that defendant CMS has an (unnamed) "unconstitutional policy or practice."

## Discussion

Plaintiff's claim against defendant Highsmith for denial of dental treatment survives initial review. However, plaintiff's claims against defendants Jackson, Wollberg and Young should be dismissed as the denial of grievances, in and of itself, cannot support a substantive constitutional claim. Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002). Because plaintiff has not set forth any facts indicating that any of these defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights, he has failed to state a claim against defendants Jackson, Wollberg and Young. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ( "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." ); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

As for as defendant CMS, it is unclear as to the exact nature of plaintiff's claim. If his claim against defendant CMS is based on respondeat superior because CMS is the individual defendants' employer, such claim fails because the doctrine of respondeat

superior is inapplicable in § 1983 actions. Givens v. Jones, 900 F.2d. 1229, 1233 (8th Cir.1990); Wilson v. City of Little Rock, 801 F.2d. 316, 322 (8th Cir.1986); Martin v. Sargent, 780 F.2d. 1334. 1338 (8th Cir.1985). If plaintiff is attempting to demonstrate some type of policy or practice by defendant CMS regarding his treatment, this claim also fails because plaintiff has not named the type of "unconstitutional policy or practice" purportedly followed by CMS. As such, plaintiff's claims against CMS will also be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $20.53 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Highsmith.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Jackson, Wollberg, Young or Correctional Medical Services because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this __17th__ day of December, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE