```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION
```

TERRY A. WALLS,                      )
                                     )
            Plaintiff,               )
                                     )
      vs.                            )    No.  4:07CV1897-DJS
                                     )
DR. S.K. HIGHSMITH, DR. EARNEST      )
JACSKON, NURSE GAIL WOLLBERG,        )
NURSE LORI YOUNG and CORRECTIONAL    )
MEDICAL SERVICES,                    )
                                     )
            Defendants.              )


<u>ORDER</u>

The pro se prisoner has brought the instant action pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated by defendants' deliberate indifference to a serious medical need. The claims against all but defendant Highsmith, a dentist who treats inmates of the Missouri Eastern Correctional Center, have been dismissed. See Memorandum and Order of December 17, 2007 [Doc. #5]. Now before the Court is defendant Highsmith's motion for summary judgment, to which plaintiff has filed no opposition.

The gravamen of plaintiff's claim against Dr. Highsmith is that he saw the dentist on March 7, 2006, on June 22, 2006, and on August 22, 2006, and each time was "denied treatment." Complaint [Doc. #1], p.6. Highsmith's statement of uncontroverted facts is supported by the submission of prison medical records and

sworn declarations, and plaintiff has failed to oppose and attempt a rebuttal of any of the facts asserted. Those facts support the following findings for purposes of the instant summary judgment motion.

Dr. Highsmith evaluated plaintiff on March 7 and found decay in two molars, tooth #15 and tooth #18, warranting a plan for fillings in both teeth. No severe pain was complained of, and no swelling, pus or drainage was noted. An appointment was scheduled for June 9 for the fillings, but plaintiff did not keep the appointment. Dr. Highsmith saw plaintiff again on June 22, and again fillings were planned. Later upon plaintiff's complaining of pain for the first time, plaintiff was seen by Dr. Highsmith on August 22, at which time extraction of tooth #15 was planned, with re-evaluation of tooth #18 to occur after the extraction. Plaintiff thereafter refused the extraction as scheduled on September 1. The extraction was ultimately performed on November 17, 2006, after plaintiff declared a dental emergency for a severe toothache.

These facts support the grant of summary judgment in Dr. Highsmith's favor. In order to establish an Eighth Amendment violation on the basis of inadequate medical care, a prisoner must allege acts or omissions that reveal "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Eighth Circuit has held that a §1983 claim based on delay in medical treatment must be supported by "verifying medical

evidence . . . to establish the detrimental effect of delay." Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995)(quotation marks and citation omitted), <u>abrogated on appellate jurisdictional grounds</u>.  Furthermore, "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim."  Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992); Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985).  The uncontroverted evidence indicates that plaintiff was evaluated on the dates of which he complains, and planned treatment was offered but plaintiff failed to appear for it and later refused it.  Any initial preference of plaintiff's for extraction over fillings does not support relief under the constitutional standards of §1983.

On the record before it, the Court readily concludes that defendant Highsmith is entitled to judgment as a matter of law on the remaining claims of plaintiff's complaint.  For all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Highsmith's motion for summary judgment [Doc. #13] is granted.

Dated this ___5th___ day of September, 2008.

                                        /s/ Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE